1  DEVIN M. SENELICK (State Bar No. 221478)
   LILLIE A. WERNER (State Bar No. 261250)
2  **HOOPER, LUNDY & BOOKMAN, P.C.**
   1875 Century Park East, Suite 1600
3  Los Angeles, California 90067-2517
   Telephone: (310) 551-8111
4  Facsimile: (310) 551-8181
   E-Mail:  dsenelick@health-law.com
5
   Attorneys for Plaintiff
6  Cedars-Sinai Medical Center

7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11 CEDARS-SINAI MEDICAL CENTER,      Case No. 2:13-cv-06564-FMO-E
   a California not-for-profit corporation,
12                                    Sup. Ct. Case No. BC517375
                Plaintiff,
13
        vs.                          **CEDAR-SINAI MEDICAL
14                                    CENTER'S OPPOSITION TO
   AMERICAN APPAREL, INC., a         AMERICAN APPAREL'S MOTION
15 Delaware corporation, and DOES 1-10, TO DISMISS**
   inclusive,
16                                    Hearing Date: December 5, 2013
                Defendants.
17                                    Hearing Time: 10:00 a.m.

18

19

20

21

22

23

24

25

26

27

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1149216.3

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.    INTRODUCTION ................................................................................. 1

II.   STATEMENT OF FACTS ................................................................... 3

III.  AMERICAN APPAREL'S MOTION TO DISMISS SHOULD BE
DENIED ............................................................................................... 5

    A.    A Motion To Dismiss Is Only Appropriate Where A Plaintiff
Cannot Obtain Relief Under Any Circumstances ......................... 5

    B.    Cedars-Sinai's Claims Are Not Subject To Dismissal On ERISA
Preemption Grounds .................................................................... 6

    C.    The Complaint Adequately Pleads Contract-Based Claims ........... 8

        1.    American Apparel Is Bound By A Written Contract,
Which It Breached ............................................................ 8

        2.    Cedars-Sinai Pleads The Existence Of An Oral Contract,
Which American Apparel Breached ................................. 10

        3.    American Apparel Is Subject To Equitable, Implied
Contracts To Pay Cedars-Sinai ....................................... 11

            a.    Implied-In-Fact Contact Alleged ..................................... 12

            b.    Implied-In-Law Contract Alleged .................................... 13

            c.    Services Rendered Alleged ............................................. 15

        4.    Cedars-Sinai Can Assert Alternative Theories Of
Contractual Relief ........................................................... 18

    D.    The Complaint Adequately Pleads Negligent Misrepresentation ........ 18

    E.    The Complaint Adequately Pleads Violations Of California's
Unfair Competition Law .............................................................. 21

        1.    American Apparel Violated Various Laws And Acted
Unfairly .......................................................................... 21

        2.    Cedars-Sinai Has The Right To Seek Monetary Restitution ...... 23

IV.  IF ANY OF THE AMERICAN APPAREL'S ARGUMENTS ARE
FOUND TO HAVE MERIT, LEAVE TO AMEND IS
APPROPRIATE ................................................................................ 24

V.   CONCLUSION .................................................................................. 24

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1149216.3

CEDAR-SINAI MEDICAL CENTER'S OPPOSITION TO AMERICAN APPAREL'S MOTION TO DISMISS

**<u>TABLE OF AUTHORITIES</u>** **<u>Page(s)</u>**

**Cases**

*Aetna Health, Inc. v. Davila*,
  1542 U.S. 200, 210 (2004) ................................................................. 6

*Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co.*,
  116 Cal.App.4th 1375 (2004) .............................................................. 8

*Bell v. Blue Cross of Cal.*,
  131 Cal.App.4th 211, 221 (2005) ........................................... 12, 13, 18

*Berger v. Seyfarth Shaw, LLP*,
  C07-05279 JSW, 2008 WL 683425 (N.D. Cal. Mar. 7, 2008) ......................... 12

*Berryman v. Merit Prop. Mgmt., Inc.*,
  152 Cal.App.4th 1544 (2007) ............................................................. 21

*Blue Cross of Cal. v. Anesthesia Care Assocs. Med. Grp., Inc.*,
  187 F.3d 1045 (9th Cir. 1999) ...................................................... 6, 7, 8

*Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of the U.S.*,
  497 F.3d 972 (9th Cir. 2007) ............................................................. 7

*Clement v. American Greetings Corp.*,
  636 F. Supp. 1326 (S.D. Cal. 1986) ...................................................... 5

*Coast Plaza Doctors Hosp. v. Arkansas Blue Cross & Blue Shield*,
  CV 10-06927 DDP JEMX, 2011 WL 3756052 (C.D. Cal. Aug. 25, 2011) ...... 13

*Coleman v. Standard Life Ins. Co.*,
  288 F. Supp. 2d 1116 (E.D. Cal. 2003) ................................................... 5

*Doctors Hospital of Manteca, Inc. v. United Agricultural Benefit Trust*,
  No. S-06-1936, 2006 WL 3147441 (E.D. Cal., Oct. 31, 2006) ......................... 7

*Doctors Med. Ctr. of Modesto v. Principal Mutual Life Insurance Co.*,
  No. 08-1496, 2008 WL 4790534 (E.D. Cal., Aug. 28, 2008) .............................. 7

*Doyle v. Giuliucci*,
  62 Cal. 2d 606 (1965) ..................................................................... 9

*Falkowski v. Imation Corp.*,
  309 F.3d 1123 (9th Cir. 2002) ............................................................ 5

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1149216.3

CEDAR-SINAI MEDICAL CENTER'S OPPOSITION TO AMERICAN APPAREL'S MOTION TO DISMISS

**TABLE OF AUTHORITIES** (cont.)       Page(s)

*Gilligan v. Jamco Develop. Corp.*,
  108 F. 3d 246 (9th Cir. 1997) ................................................................ 5

*Glenn Jackson Inc. v. Roe*,
  273 F.3d 1192 (9th Cir. 2001) .............................................................. 18

*Hall v. City of Santa Barbara*,
  833 F.2d 1270, 1274 (9th Cir. 1986) ...................................................... 5

*Hercules, Inc. v. United States*,
  516 U.S. 417, 423-24 (1996) ............................................................... 13

*Hoag Mem'l Hosp. v. Managed Care Administrators*,
  820 F. Supp. 1232 (C.D. Cal. 1993) ..................................................... 14

*Huskinson & Brown, LLP v. Wolf*,
  32 Cal. 4th 453 (2004) ........................................................................ 15

*Kwikset Corp. v. Superior Court*,
  51 Cal. 4th 310 (2011) ........................................................................ 23

*Lopez v. Smith*,
  203 F.3d 1122 (9th Cir. 2000) .............................................................. 23

*Lozano v. AT & T Wireless Servs., Inc.*,
  504 F.3d 718, 736 (9th Cir. 2007) ........................................................ 22

*Marin Gen. Hosp. v. Modesto & Empire Traction Co.*,
  581 F.3d 941 (9th Cir. 2009) ................................................................. 6

*Marshall v. Nevins*,
  242 F. 476 (9th Cir. 1917) ................................................................... 19

*McCalden v. Cal. Library Ass'n*,
  955 F.2d 1214 (9th Cir. 1990) .............................................................. 18

*Molsbergen v. U.S.*,
  757 F.2d 1016 (9th Cir.), 473 U.S. 934 (1985) ........................... 17, 18

*People v. Superior Court*,
  9 Cal. 3d 283 (1973) ........................................................................... 23

*Puentes v. Wells Fargo Home Mortgage, Inc.*,
  20 160 Cal.App.4th 638, 645 (2008) ..................................................... 22

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TABLE OF AUTHORITIES** (cont.)                                    Page(s)

*Safjr v. BBG Commc'ns, Inc.*,
    10-CV-2341 H NLS, 2011 WL 902296 (S.D. Cal. Mar. 15, 2011)............21, 22

*Silva v. Providence Hosp. of Oakland*,
    14 Cal. 2d 762 (1939) .............................................................................12

*St. Vincent Medical Center v. Mega Life & Health Ins. Co.*,
    2012 WL 3238510 (C.D. Cal., July 24, 2012) ............................................10, 16

*Vieste, LLC v. Hill Redwood Dev.*,
    C 09-04024 JSW, 2010 WL 4392939 (N.D. Cal. Oct. 29, 2010) ...............20, 21

**Statutes**

29 USC § 1001, *et seq.* .........................................................................*passim*

29 USC § 502(a)(1)(B) ....................................................................... 6, 7

42 USC § 1395dd (c)(1)(A) ................................................................. 16

California Business & Professions Code § 17200.................................*passim*

California Civil Code § 3521 ...............................................................10, 14

California Civil Code § 3339.................................................................4, 22

California Health & Safety Code § 1371.8............................................4

California Government Code § 7285......................................................4, 22

California Insurance Code § 796.04 ....................................................4, 22

Califiornia Labor Code & 1171.5.........................................................4, 22

California Labor Code § 4610.3 ...........................................................22

**Other Authorities**

Federal Rule of Civil Procedure 8(e)(2)................................................17

Federal Rule of Civil Procedure 12(b)(6)..............................................2, 10

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

# I.     <u>INTRODUCTION</u>

Defendant American Apparel, Inc. ("American Apparel") must pay Plaintiff Cedars-Sinai Medical Center ("Cedars-Sinai") for the life-saving medical care that American Apparel authorized and promised to reimburse.  Cedars-Sinai treated American Apparel's employee ("Patient Mother") and her newborn son ("Patient Baby") after American Apparel confirmed these patients were members of the company's self-funded health insurance plan and their treatment would be covered by the plan.  Cedars-Sinai provided these patients with the medical services that were expressly and explicitly authorized by American Apparel's agent.  In doing so, Cedars-Sinai dedicated extensive hospital resources to save Patient Baby after he was born prematurely and required treatment in the neo-natal intensive care unit (NICU) for a period of three months.  During this period of treatment, American Apparel added Patient Baby to its insurance plan and expressed no uncertainty to Cedars-Sinai that its insurance plan would pay for the treatment.  Yet, once the bill became due, American Apparel refused to pay for most of these authorized, life-saving medical services on the grounds that Patient Mother was in the United States illegally, which American Apparel failed to recognized when it hired and retained Patient Mother and when it added Patient Baby to the company plan.  All Cedars-Sinai did was save the life of an extremely premature baby.  Now American Apparel leaves Cedars-Sinai "holding the bag," uncompensated for its extremely valuable services, while American Apparel walks away free from any obligations.

Cedars-Sinai's Complaint (the "Complaint") sets forth detailed factual allegations about how American Apparel contracted with Cedars-Sinai to provide the treatments at issue, misrepresented that the patients were covered by American Apparel's plan, falsely stated American Apparel would pay Cedars-Sinai according to the Provider Agreement (the "Contract"), and attempted to cancel the authorizations and coverage in violation applicable laws.  As such, the Complaint states causes of action for breaches of written, oral, and implied contracts, for

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

1  services rendered, for negligent misrepresentation and for unfair business practices.

2  American Apparel filed a Motion to Dismiss (Dkt. 8) (the "Motion to

3  Dismiss" or "MTD"), which claims that the Complaint is preempted by the

4  Employee Retirement Income Security Act ("ERISA") and that the allegations fail

5  to state legal claims.  However, as explained in further detail in Cedars-Sinai's

6  Response Re: Remand Action To State Court (Dkt. 15) and as set forth below, the

7  Complaint does not implicate ERISA preemption because the claims are based on

8  the medical provider's independent rights, not the ERISA beneficiary's rights or the

9  plan documents.  Moreover, the Complaint sets forth factual allegations in support

10  of the elements of each claim, and more than satisfies the pleadings standards a

11  motion to dismiss.

12  American Apparel improperly attempts to convert the Motion to Dismiss into

13  a summary adjudication motion by introducing purported evidence and primarily

14  relying upon cases that concern questions of fact during summary judgment.  For

15  example, the Motion to Dismiss the negligent misrepresentation claim based on the

16  supposed reasonableness of American Apparel's conduct is inappropriate for a

17  motion brought under Federal Rule of Civil Procedure 12(b)(6), which merely tests

18  the sufficiency of the allegations in the Complaint and not a plaintiff's ultimate

19  likelihood of success on the merits (especially before any discovery has even

20  occurred in the case).  Moreover, the summary judgment cases relied upon

21  extensively in the Motion to Dismiss are inapposite and, in many instances,

22  irrelevant to the present inquiry of whether the Complaint states a claim for relief.

23  The Motion to Dismiss improperly ignores the well-plead allegations in the

24  Complaint, even though courts will give all reasonable inferences and accept the

25  allegations as true when ruling upon a motion to dismiss for failure to state a claim.

26  For example, American Apparel argues there is no written or oral contract that

27  applies to the dispute (MTD at 13-16), even though the Complaint alleges that the

28  parties were bound by a written provider agreement and entered into an oral contract

1   for payment of Cedars-Sinai's services (*see, e.g.*, Compl. ¶¶ 35, 40).  The Motion to

2   Dismiss contends there was no agreement to pay for the services to support an

3   implied contract (MTD at 17), despite the fact that the Complaint alleges "American

4   Apparel … indicated … that these patients were covered by health insurance and

5   that their resulting bills would be paid" (Compl. ¶ 45).  Furthermore, American

6   Apparel claims it is exempt from liability for unfair or illegal business practices

7   because it is a self-funded plan not governed by the Knox-Keene Health Care

8   Service Plan Act of 1975 ("Knox-Keene Act") (*see* MTD at 24) or because Cedars-

9   Sinai seeks monetary restitution (*id.* at 25), neither of which exempt American

10  Apparel from liability for violations of the various laws actually identified in the

11  Complaint.

12       Accordingly, the Court should deny American Apparel's Motion to Dismiss.

13

14  **II.    STATEMENT OF FACTS**

15       Cedars-Sinai treated American Apparel's Patient Mother and Patient Baby for

16  medically necessary health services pursuant to express authorizations by American

17  Apparel's administrator and agent, Anthem Blue Cross of California.  (Compl. ¶ 1.)

18  American Apparel, as sponsor of its own self-funded employee health plan, was

19  contractually obligated to pay for the care it authorized, which was covered under

20  the plan.  (*See id.* at ¶¶ 16, 19.)

21       Pursuant to the Contract, American Apparel agreed to pay for these services

22  and obtained discounted rates for them. (*See id.* at ¶¶ 35-37.)  American Apparel

23  also made oral representations that it would reimburse Cedars-Sinai for the resulting

24  medical bills for both Patient Mother and Patient Baby.  (*See id.* at ¶¶ 40, 61.)

25  However, after making partial payments on Cedars-Sinai's bills (*see id.* at ¶¶ 35-37),

26  American Apparel refuses to pay the remainder of the amount due (*see id.* at ¶ 1).

27       To justify this reversal in course, American Apparel's improperly asserted

28  that Patient Mother was allegedly an undocumented citizen and, therefore, Patient

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

3

1149216.3

1   Baby's and her health insurance coverage is voided <u>after</u> the care was provided.

2   (*Id.*)  Furthermore, American Apparel asserted that, because of this alleged voiding

3   of coverage, American Apparel may retroactively revoke the authorizations and

4   assurances provided to Cedars-Sinai and refuse to pay for the services it authorized.

5   (*Id.*)  Yet, American Apparel had a well-documented history of problems employing

6   illegal immigrants, and failed to undertake a reasonable inquiry about Patient

7   Mother's purported eligibility for employment benefits before verifying her

8   coverage. (*See id.* at ¶6.)  As a result, American Apparel alone bears responsibility

9   for this error.

10       Prior to initiating the lawsuit, Cedars-Sinai informed American Apparel that

11  the law does not support American Apparel's legal positions or conduct with respect

12  to the purported rescission of benefits.  For example, California Health & Safety

13  Code Section 1371.8 and Insurance Code Section 796.04 both prohibit health plan's

14  attempts to "rescind or modify [their] authorization after the provider renders the

15  health care service in good faith and pursuant to the authorization for any reason."

16  (Compl. ¶ 30.)  Moreover, California Civil Code Section 3339, Labor Code Section

17  1171.5 and Government Code Section 7285 each provide that "[a]ll protections,

18  rights, and remedies available under state law, except any reinstatement remedy

19  prohibited by federal law, are available to all individuals regardless of immigration

20  status who have applied for employment, or who are or who have been employed, in

21  this state."  (*Id.* at ¶ 31.)  American Apparel was not persuaded.

22       Accordingly, when American Apparel continued to refuse to pay, Cedars-

23  Sinai brought the Complaint, which included a claim for relief under California's

24  Unfair Competition Law ("UCL") at California Business and Professions Code

25  Section 17200 *et seq.*, as well as claims for breaches of contract, services rendered,

26  and negligent misrepresentation.  In support of the contract causes of action, the

27  Complaint alleges the existence of written and oral contracts whereby American

28  Apparel agreed to pay Cedars-Sinai for the authorized services.  (*See, e.g.*, Compl.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

¶¶ 35, 40.)  The Complaint also alleges the existence of implied contracts, in light of the facts and legal circumstances, which require American Apparel to pay for the services provided to its members.  (*See, e.g., id.* ¶¶ 45, 50.)  Cedars-Sinai claims American Apparel breached these binding agreements when it refused to pay the remainder of its bill.  Moreover, the Complaint alleges a claim for *quantum meruit* relief for the services rendered pursuant to American Apparel's request.  (*Id.* at ¶¶ 55-59.)  In addition, the Complaint asserts tort liability against American Apparel for negligently misrepresenting the members were covered and that American Apparel would pay for the services.  (*Id.* at ¶¶ 61-65.)

## III.   AMERICAN APPAREL'S MOTION TO DISMISS SHOULD BE DENIED

### A.   A Motion To Dismiss Is Only Appropriate Where A Plaintiff Cannot Obtain Relief Under Any Circumstances

The law sets a very high bar for granting motions to dismiss, and, as demonstrated below, American Apparel is unable to clear that bar.  A motion to dismiss for failure to state a claim will be denied unless it is "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *Falkowski v. Imation Corp.*, 309 F.3d 1123, 1132 (9th Cir. 2002).

"It is axiomatic that the motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted."  *Gilligan v. Jamco Develop. Corp.*, 108 F. 3d 246, 249 (9th Cir. 1997) (citing *Hall v. City of Santa Barbara*, 833 F.2d 1270, 1274 (9th Cir. 1986) (citations omitted)).  This reluctance to dismiss a plaintiff's complaint arises from the fact that "[t]he [Federal Rules of Civil Procedure] are designed to ensure that suits are adjudged on their merits, and to prevent dismissal of actions because of a technical defect in the pleadings."  *Clement v. American Greetings Corp.*, 636 F. Supp. 1326, 1329 (S.D. Cal. 1986).  Thus, "the plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from

facts properly alleged." *Coleman v. Standard Life Ins. Co.*, 288 F. Supp. 2d 1116, 1118 (E.D. Cal. 2003) (citations omitted).

Because the Complaint contains sufficient allegations to entitle Cedars-Sinai to relief if the facts alleged are true, the Motion to Dismiss should be denied.

## B.   Cedars-Sinai's Claims Are Not Subject To Dismissal On ERISA Preemption Grounds

As detailed in Cedars-Sinai's Response Re: Remand Action To State Court (Dkt. 15), ERISA does not preempt the state law claims in the Complaint. Cedars-Sinai's claims do not seek ERISA benefits, are not derivative of the beneficiaries' rights, and do not depend upon Cedars-Sinai standing in the shoes of a plan beneficiary. Rather, the causes of action in the Complaint seek to enforce contractual, statutory and common law duties imposing independent obligations on American Apparel to pay Cedars-Sinai for services rendered to American Apparel's member with American Apparel's knowledge and approval. It is well-established that these types of claims do not implicate ERISA.

Under the doctrine of complete preemption, state law causes of action are only preempted if (1) "an individual, at some point in time, could have brought [the] claim under ERISA § 502(a)(1)(B)," and (2) "there is no other independent legal duty that is implicated by a defendant's actions." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 946 (9th Cir. 2009) (emphasis added) (holding that a hospital's state law claims for breach of implied and oral contracts, *quantum meruit*, estoppel and misrepresentation were not preempted under ERISA because the hospital's claims were not based on an obligation to the patient-assignor arising under the plan, but the plan's direct obligation to the hospital) (*quoting Aetna Health, Inc. v. Davila*, 542 U.S. 200, 210 (2004)).

In order to preserve providers' independent third-party rights, the Ninth Circuit and other courts have repeatedly held that the independent state law claims of healthcare providers do not fall within ERISA's civil enforcement provision. The

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1149216.3

CEDAR-SINAI MEDICAL CENTER'S OPPOSITION TO AMERICAN APPAREL'S MOTION TO DISMISS

1  mere fact that a provider could have brought suit under Section 502(a)(1)(B) "d[oes]

2  not automatically mean that [a provider] could not bring some other suit against [a

3  plan] based on some other legal obligation." *Marin*, 581 F.3d at 948; *see also Blue*

4  *Cross of Cal. v. Anesthesia Care Assocs. Med. Grp., Inc.*, 187 F.3d 1045, 1050-51

5  (9th Cir. 1999) ("*Anesthesia Care*") (providers' claim for breach of provider

6  agreement could not have been asserted by the patient-assignors, but arose

7  independently from the plan, and therefore is not preempted); *c.f. Cedars-Sinai Med.*

8  *Ctr. v. Nat'l League of Postmasters of the U.S.*, 497 F.3d 972, 977-78 (9th Cir.

9  2007) (hospital's breach of contract and misrepresentation claims are not preempted

10  because the hospital sued as an independent entity claiming independent damages).

11  Instructive is the decision in *Anesthesia Care* where the Ninth Circuit rejected

12  similar arguments as American Apparel raises in the Motion to Dismiss that the

13  providers' state law claims fell within the scope of Section 502(a).  *See* 187 F.3d at

14  1051.  Rather than find preemption, the Ninth Circuit held that the providers' state

15  law claims, which arose from the terms of their own relationship and could not be

16  asserted by their patient-assignors, were not claims for benefits under the terms of

17  ERISA plans.  *Id.* at 1050-1052; *see also Doctors Med. Ctr. of Modesto v. Principal*

18  *Mutual Life Insurance Co.*, No. 08-1496, 2008 WL 4790534 at *4 (E.D. Cal., Aug.

19  28, 2008) (holding that hospital's claims for breach of implied contract, negligent

20  misrepresentation, and *quantum meruit*—similar claims to those that Cedars-Sinai

21  alleges here—were not completely preempted by ERISA, because each of the claims

22  arose from the defendant's independent obligations owed to the hospital); *Doctors*

23  *Hospital of Manteca, Inc. v. United Agricultural Benefit Trust*, No. S-06-1936, 2006

24  WL 3147441 (E.D. Cal., Oct. 31, 2006) (denying motion to dismiss where third-

25  party provider's state law claim was not preempted because the claims did not seek

26  to enforce ERISA benefits or clarify rights under the ERISA plan).  There is no

27  reason to hold differently here.

28  As manifest from the allegations of the Complaint, Cedars-Sinai's claims for

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

breaches of written and oral contracts, breaches of implied contracts, negligent misrepresentation, and unfair competition are <u>independently</u> based on a written agreement to which the parties are bound, American Apparel's representations to Cedars-Sinai, the course of dealings between the parties, and the statutory obligations that prevent American Apparel from disclaiming liability by virtue of the patient's immigration status.  Tellingly, the Motion to Dismiss concedes that "the Complaint is silent as to whether an assignment was obtained here."  (MTD at 3.)  Cedars-Sinai is not pursuing the causes of action in the Complaint as an ERISA beneficiary.

As Cedars-Sinai explained in support of remand (*see* Dkt. 15), even if adjudication of the Complaint involved some consideration of an ERISA plan, Cedars-Sinai's claims would still not be preempted.  (*Id.* at pp. 13-14.)  What the terms of the ERISA plans may say about have nothing to do with any of Cedars-Sinai claims, because Cedars-Sinai is not trying to recover plan benefits through these claims.  Nonetheless, even if these claims had required indirect consultation of any ERISA plans, Ninth Circuit Courts have already held that the interpretation of an ERISA plan has no bearing on whether a healthcare provider's claim is <u>completely</u> preempted.  *See Anesthesia Care*, 187 F.3d at 1051 ("The bare fact that the Plan may be consulted in the course of litigating a state-law claim does not require that the claim be extinguished by ERISA's enforcement provision.").

Thus, for the same reasons the Court should remand the Complaint to state court (*e.g.*, Dkt. 15), the Court should hold that ERISA does not preempt the causes of action in the Complaint and is not grounds to dismiss the case.

## C.   The Complaint Adequately Pleads Contract-Based Claims

### 1.   <u>American Apparel Is Bound By A Written Contract, Which It Breached</u>

Cedars-Sinai sufficiently alleged that American Apparel breached the written Contract governed their relationship and caused Cedars-Sinai to suffer damages.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

8

CEDAR-SINAI MEDICAL CENTER'S OPPOSITION TO AMERICAN APPAREL'S MOTION TO DISMISS

1  For a contract claim to survive a motion to dismiss, the allegations in the complaint

2  must set the following elements: (1) existence of a contract; (2) plaintiff's

3  performance or excuse for nonperformance; (3) defendant's breach; and (4)

4  resulting damage to plaintiff.  *See Armstrong Petroleum Corp. v. Tri-Valley Oil &*

5  *Gas Co.* 116 Cal.App.4th 1375 (2004).  Here, Cedars-Sinai alleged: (1) the

6  existence of a contract whereby American Apparel is an "Other Payor" obligated to

7  reimburse providers according to the Contract; (2) plaintiff's performance of its

8  obligations to provide authorized medical services to American Apparel's members;

9  (3) defendant's breach of the agreement by failing to pay the resulting charges; and

10  (4) resulting damage to Cedars-Sinai in the amount of the unpaid bill, plus interest.

11      The fact that American Apparel is not specifically named in the Contract does

12  not mean that it is free to accept the benefits of that agreement in the form of

13  discounted rates, and then turn around and claim it has no duties to then pay for the

14  services provided pursuant to that Contract.  The Contract explains that Blue Cross

15  may "contract with Other Payors wishing to utilize the services of the Managed

16  Care Network, <u>incorporating the terms and conditions of this Agreement.</u>"  (Dkt. 17,

17  Exh. 1, Contract § 2.2, p. 5-6 (emphasis added).)  The term "Other Payors" is

18  specifically defined to include self-funded plans, like American Apparel's plan.  (*Id.*

19  at § 2.21, p. 8.)

20      American Apparel can be legally bound to an agreement executed on its

21  behalf.  Courts recognize that the intended beneficiary of a contract may be bound to

22  the terms of that agreement.  For example, in *Doyle v. Giuliucci*, 62 Cal. 2d 606, 609

23  (1965), the California Supreme Court held that a minor was bound to the arbitration

24  provision in the medical services agreement executed by her guardian.  The court

25  reasoned that the medical groups do not contract with minors, so minors can only be

26  assured of the benefits of group medical service if their agents or guardians can

27  contract on their behalf.  *Id.*  The minor, accepting the benefit of its agent's

28  agreement, is bound by the terms of the agreement.  *See id.*

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Similarly, here, self-funded plans like American Apparel cannot, as a practical matter, enter into contracts with each hospital, medical group, and physician that its members may use.  Instead, these self-funded plans join with commercial health plans, like Blue Cross, to access the health plan's network of providers pursuant to the health plan's provider agreements.  When the self-funded payors seek and obtain the benefits of these provider agreements (as American Apparel did when it authorized treatment and remitted partial payment based on the contractually discounted rates), they become bound by the terms of the agreement. *See id.*[1]

The law, as well as general principles of fairness and equity, dictate that "[h]e who takes the benefit must bear the burden."  *See* Cal. Civil Code § 3521; *see also id.* at § 3519 ("He who can and does not forbid that which is done on his behalf, is deemed to have bidden it.").  The allegations in the Complaint set forth a breach of contract claim and are more than sufficient to survive a motion to dismiss.

    2.    Cedars-Sinai Pleads The Existence Of An Oral Contract, Which American Apparel Breached

American Apparel claims that Cedars-Sinai failed to allege the existence of any oral agreement and "the only contracted alleged is the Contract, which is

---

[1] In attempting to defeat Cedars-Sinai's breach of written contract claims, American Apparel's reliance on *St. Vincent Medical Center v. Mega Life & Health Ins. Co.*, 2012 WL 3238510 (C.D. Cal. July 24, 2012) (MTD at 14-16) is misplaced.  Not only does the case concern the standards at summary judgment, not a motion to dismiss, the facts of the case are easily distinguishable and the plaintiff did not pursue the same theories of liability.  The contract in *St. Vincent* was between the health insurance plan and its patient members, and specifically disclaimed any relationship being created with providers (like plaintiff) by virtue of the agreement. *Id.*  The defendants argued, therefore, that the plaintiff did not have <u>standing</u> to assert the rights provided by a contract to which it was not a party.  *Id.*  The court was not asked to consider whether a breach of contract claim can survive a motion to dismiss where the complaint alleges the non-signatory is identified in the contract and receives benefits pursuant to the agreement.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1149216.3

written." (MTD at 16.)  Not so.  The Complaint alleges the elements of for a breach of oral contract claim sufficient to put American Apparel on notice and sufficient to survive a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6).

In the Complaint, Cedars-Sinai alleges that "American Apparel, by and through American Apparel's Agents, entered into an oral contract to pay Cedars-Sinai for services Cedars-Sinai provided to Patient Mother and Patient Baby." (Compl. ¶ 40.)  Cedars-Sinai further explained that that promise was not conditional and "American Apparel or American Apparel's Agents never related any hesitation or doubts that Patient Mother's health insurance coverage was valid or that Patient Baby's procedures were fully covered by insurance and would be paid at agreed-upon rates." (*Id.* at ¶ 21.)  Elsewhere, the Complaint specifically alleges American Apparel made oral representations that it would pay for the services provided and would not dispute coverage or financial responsibility. (*Id.* at ¶ 61.)  The Complaint explains that "Cedars-Sinai performed its obligations under the oral contract" and "American Apparel breached the oral contract by refusing to pay Cedars-Sinai for its medical services." (*Id.* at ¶¶ 41-42.)

American Apparel, thus, does not meet its burden to show that Cedars-Sinai can set forth no set of facts upon which it is entitled to relief on the oral contract claim.  American Apparel does not dispute that Cedars-Sinai performed the services requested or that Cedars-Sinai remains uncompensated for the majority of the patients' medical bills.  Therefore, because Cedars-Sinai did allege an oral promise to pay the charges resulting from authorized services and that American Apparel breached that agreement by failing to pay the bills (*id.* at ¶¶ 40-42), the Complaint states a valid claim for breach of an oral contract.

> 3.   <u>American Apparel Is Subject To Equitable, Implied Contracts To Pay Cedars-Sinai</u>

American Apparel raises various defenses to the quasi-contractual claims in the Complaint, but none of them (even if true) support dismissal of these claims.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1149216.3

1 Providers have a direct right to payment even without an explicit written contract,

2 oral promise, or patient assignment. It is not the case, as American Apparel's

3 Motion to Dismiss implies, that insurance providers are free to authorize the

4 provider's treatment of its plan members and then have no obligation to pay for

5 those authorized services. (*See* MTD at 17 (disclaiming any relationship between

6 authorizations to treat and obligations to reimburse the provider for that treatment).)

7 It is a general principle of law and equity and a matter of fairness that a provider can

8 seek reimbursement from the party that requested the services, which the provider

9 administered in reliance upon the request. Here, the Complaint alleges three types

10 of this quasi-contractual relief.

11 a. *Implied-In-Fact Contact Alleged*

12 Under an implied-in-fact theory of contractual relief, a plaintiff may recover

13 for services rendered where the circumstances indicate that both parties expected

14 compensation would be paid and where the services were requested, particularly if

15 the request pertains to delivery of services to a third party to whom the promisor

16 owes a duty of support. *See Bell v. Blue Cross of Cal.*, 131 Cal.App.4th 211, 221

17 (2005). Importantly, the promise to pay for those services need not be explicitly

18 stated. *See, e.g., Silva v. Providence Hosp. of Oakland*, 14 Cal. 2d 762, 773 (1939)

19 ("The true implied contract, then, consists of obligations arising from a mutual

20 agreement and intent to promise where the agreement and promise have not been

21 expressed in words.")

22 As such, American Apparel's argument that authorizations are not tantamount

23 to promises to pay (MTD at 14) is not well-taken. As an initial legal matter,

24 alleging a promise to pay is not required to state a claim. *See Silva*, 14 Cal. 2d at

25 773. Moreover, the Complaint does, in fact, allege that "American Apparel …

26 indicated, among other things, that these patients were covered by health insurance

27 and that their resulting bills would be paid." (Compl. ¶45.) Furthermore, whether

28 the circumstances create a quasi-contract, especially an implied-in-fact agreement, is

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

12

1149216.3

a question of fact and not suitable for adjudication on the pleadings.  *See, e.g.,*
*Berger v. Seyfarth Shaw, LLP*, C07-05279 JSW, 2008 WL 683425, *3 (N.D. Cal.
Mar. 7, 2008) (denying motion to dismiss implied-in-fact contract claims finding
that because the issue "goes beyond the pleadings, it cannot be adjudicated at this
procedural stage").

Here, there should be no doubt that the allegations as plead are sufficient to
survive a motion to dismiss.  The Complaint alleges the elements of an implied-in-
fact contract claim, including that "American Apparel authorized Cedars-Sinai to
treat Patient Mother and Patient Baby," Cedars-Sinai performed its obligations in
reliance upon that authorization, and that American Apparel breached the implied
contract by refusing to pay for the authorized services.  (*Id.* ¶¶ 45-47.)

b.      *Implied-In-Law Contract Alleged*

In contrast to an implied-in-fact contract, which is "founded upon a meeting
of the minds" that is inferred from conduct of the parties, an implied-in-law contract
is a "fiction of law" created by courts to prevent unjust enrichment.  *See Hercules,*
*Inc. v. United States*, 516 U.S. 417, 423-24 (1996).  Here, Cedars-Sinai committed
no wrongdoing and, yet, is the party in this case left "holding the bag."  This is not
fair, especially in light of the allegations that American Apparel knew or should
have known it was employing illegal immigrants and failed to undertake a
reasonable inquiry before verifying Patient Mother and Patient Baby had valid
insurance coverage.  (*See* Compl. ¶¶ 21-22.)   While Patient Mother and American
Apparel may have both committed wrongdoing (*see id.* at ¶¶ 6, 8), Cedars-Sinai was
indisputably innocent here, merely performing the necessary medical treatment that
American Apparel requested in order to save the newborn Patient Baby's life.

Whether the circumstances support an implied contract is typically a question
of fact.  *See Bell*, 131 Cal.App.4th at 221.  "California courts, however, have held
that medical providers and insurers are directly linked by an implied contract."
*Coast Plaza Doctors Hosp. v. Arkansas Blue Cross & Blue Shield*, CV 10-06927

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

CEDAR-SINAI MEDICAL CENTER'S OPPOSITION TO AMERICAN APPAREL'S MOTION TO DISMISS

1  DDP JEMX, 2011 WL 3756052 (C.D. Cal. Aug. 25, 2011).  The equities require the

2  providers are paid for the work they perform at the plan's request.  *See, e.g., Bell*,

3  131 Cal.App.4th at 221 (recognizing that a failure to compensate providers at

4  reasonable rate "aside from being unconscionable, would be unconstitutional").

5  "[W]hen insurance companies and plan administrators verify coverage to third-party

6  health care providers, they are creating an independent obligation of the plan to pay

7  for the services rendered in reliance thereon."  *Hoag Mem'l Hosp. v. Managed Care*

8  *Administrators*, 820 F. Supp. 1232, 1236 (C.D. Cal. 1993).

9      Thus, courts have recognized that implied-in-law claims lie where insurance

10  plans refuse to compensate providers.  *See, e.g., Bell*, 131 Cal.App.4th at 221.  For

11  example, the court in *Bell* evaluated a virtually identical claim for an implied-in-law

12  contract, where a provider sought recover compensation for medical services

13  provided to defendant plan's member.  The court held the plaintiff's claim for

14  implied-in-law relief was not subject to dismissal upon demurrer.  *Id.*  The court

15  determined there was an "implied-in-law right to recover for the reasonable value of

16  [the provider's] services" because "'[h]e who takes the benefit must bear the

17  burden' (Civ. Code § 3521), and he who has "performed the duty of another by

18  supplying a third person with necessaries, although acting without the other's

19  knowledge or consent, is entitled to restitution from the other."  *Id.* (affirming denial

20  of motion to dismiss complaint).

21      Similarly, here, Cedars-Sinai has plainly alleged that American Apparel

22  and/or its agent requested and authorized Cedars-Sinai to provide treatment to

23  Patient Mother and Patient Baby, Cedars-Sinai provided this treatment in reliance

24  upon American Apparel's authorization, American Apparel benefited from the

25  provision of this treatment, and that there was an expectation of compensation to

26  Cedars-Sinai for the authorized services.  (Compl. ¶ 50-51.)  American Apparel

27  accepted the benefits of the Contract and, in doing so, became be bound by its

28  agent's agreement. Indeed, American Apparel ratified the Contract and

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

14

1   acknowledged its obligations through partial payment of Cedars-Sinai's bill and at

2   the discounted rates set forth in the Contract.  (*Id.* at ¶ 15.)  American Apparel

3   would be unjustly enriched if it was able to obtain Cedars-Sinai's services without

4   payment.

5                           c.   *Services Rendered Alleged*

6           Similar to the implied-in-law claim for equitable relief, Cedars-Sinai has also

7   set forth a valid claim for relief based on equitable principles in its cause of action

8   for services rendered.  This cause of action recognizes that where one performs a

9   service for another who benefits from that service, an obligation arises to pay for the

10  *quantum meruit* or reasonable value of the services rendered, even absent the

11  existence of an enforceable agreement.  *See Huskinson & Brown, LLP v. Wolf*, 32

12  Cal. 4th 453, 458 (2004).  A plaintiff may obtain reimbursement for its services

13  when  "the services were rendered under some understanding or expectation of both

14  parties that compensation therefor was to be made." *Id.*

15          Here, Cedars-Sinai alleges a valid claim for services rendered.  The

16  Complaint alleges that: (1) "American Apparel authorized Cedars-Sinai to treat

17  Patient Mother and Patient Baby [and] indicated that Patient Mother and Patient

18  Baby were covered by American Apparel's health insurance;" (2) American Apparel

19  "knowingly allowed Cedars-Sinai to render the treatment to Patient Mother and

20  Patient Baby;" (3) "Cedars-Sinai performed the services inofficiously and with the

21  intent to charge for its services," which it did; and that (4) "Cedars-Sinai's provision

22  of medical care was intended to and in fact benefitted American Apparel by, among

23  other reasons, providing American Apparel's employee and her dependent,

24  members of American Apparel's health plan, with needed medical treatment."

25  (Compl. ¶¶ 55-57.)  American Apparel offers two arguments as to why,

26  notwithstanding the above, the Complaint fails to state an equitable claim for

27  services rendered.

28          First, American Apparel claims that there can be no cause of relief for

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

1149216.3

CEDAR-SINAI MEDICAL CENTER'S OPPOSITION TO AMERICAN APPAREL'S MOTION TO DISMISS

1   services rendered because Cedars-Sinai allegedly "had an independent duty to

2   provide services"  (MTD at 18.)  However, the Contract does not set forth any

3   unequivocal duty to treat members or have any requirement that providers must treat

4   all patients.  (*See, e.g.,* Dkt. 17, Exh. 1, Contract § 4.1, p. 10 (setting forth conditions

5   under which the hospital shall provider services to members)).)  American Apparel

6   does not – and cannot – point to any provision in the Contract that imposes a legal

7   duty on Cedars-Sinai to provide continuing medical treatment to patients.  (*See id*.)

8   Nor was Cedars-Sinai obligated under applicable laws, like Emergency Medical

9   Treatment and Active Labor Act (EMTALA) to provide continuing treatment to the

10  patients after they were out of any labor or emergency conditions.  42 USC §

11  1395dd (c)(1)(A) (giving providers the legal right to transfer the patients once they

12  certified by a physician to be in a non-emergency condition).  Cedars-Sinai had the

13  legal right to transfer the patients once they were certified as stable by a physician.

14  *See id.*  American Apparel offers no factual support for its conclusory argument that

15  "Plaintiff has an independent legal duty to provide services, as per the Contract."

16  (MTD at 18.)  This is especially striking given American Apparel's claim that it has

17  no obligation to pay for these services.  American Apparel unfairly and unjustly

18  seeks to hold Cedars-Sinai to supposed duties to treat and then disavows any

19  corresponding duty to pay.

20      Second, American Apparel makes a specious argument it was not benefitted

21  by Cedars-Sinai's conduct.  American Apparel's claims that Cedars-Sinai delivering

22  the baby of its employee and saving its employee's baby's life did not benefit the

23  company are not only callous, they are incorrect.  (*See id.* at 19.) American Apparel

24  benefitted from Patient Mother going to Cedars-Sinai for her delivery and for the

25  life-savings services for her son at the in-network hospital.  For example, had

26  Patient Mother went to an out-of-network hospital that did not have any agreement

27  with American Apparel, there would have been no contractual discounts to the bill.

28  The fact that Cedars-Sinai provided the authorized treatment meant that American

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

CEDAR-SINAI MEDICAL CENTER'S OPPOSITION TO AMERICAN APPAREL'S MOTION TO DISMISS

1149216.3

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

Apparel owed less for the services it would otherwise be required to cover as a health plan. Unlike in *St. Vincent*, Cedars-Sinai did not have any legal obligation to provide discounted rates to American Apparel absent American Apparel's authorization. *See* 2012 WL 3238510 at *4 (rejecting that the plan received any benefit from the hospital's services where the hospital was contractually obligated to provide discounted rates). But when American Apparel took that affirmative step, American Apparel was able to have Cedars-Sinai perform the requested medical treatment and access the discounted rates in the Contract. (Compl. ¶¶ 13-14.)

Moreover, American Apparel's self-funded health plan has the express purpose of giving American Apparel's employees access to healthcare and Cedars-Sinai accomplished that goal through its provision of services to the plan members. American Apparel cannot turn around and claim the plan received no benefit when Cedars-Sinai performed the very thing that the self-funded plan was designed to do. The only reason the plan exists is so that American Apparel employees obtain quality healthcare, which is exactly what happened here. The arguments in the Motion to Dismiss that "the services did not benefit American Apparel" (MTD Notice at 2) are without merit.

American Apparel's argument it received no benefit from the services rendered cannot be decided on the pleadings or grounds for dismissal. American Apparel advances factual questions that cannot be resolved as a matter of law upon a motion to dismiss. The allegations in the Complaint that "Cedars-Sinai's provision of medical care was intended to and in fact benefitted American Apparel by, among other reasons, providing American Apparel's employee and her dependent, members of American Apparel's health plan, with needed medical treatment" (Compl. ¶ 57) are sufficient to state the benefit element of a services rendered claim.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

4.    <u>Cedars-Sinai Can Assert Alternative Theories Of Contractual Relief</u>

American Apparel incorrectly asserts that because Cedars-Sinai has plead the existence of written and oral contracts, it is barred from pursuing a theory based on implied contracts.  There is no prohibition on alternative pleading.  Federal Rule of Civil Procedure 8(e)(2) explicitly provides, in relevant part, that "[a] party may ... state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds." FRCP 8(e)(2).  Thus, the Ninth Circuit has held that "[i]n light of the liberal pleading policy embodied in Rule 8(e)(2) ... a pleading should not be construed as an admission against another alternative or inconsistent pleading in the same case." *Molsbergen v. U.S.*, 757 F.2d 1016, 1019 (9th Cir.), *cert. dismissed*, 473 U.S. 934 (1985); *see also McCalden v. Cal. Library Ass'n*, 955 F.2d 1214, 1219 (9th Cir. 1990) (superseded on other grounds) (holding that under *Molsbergen* and "the clear mandate of Rule 8(e)(2)," complaints pleading alternative theories of relief should not be dismissed simply because the legal theories may turn out to be inconsistent).

For example, in *Bell*, the court recognized that providers are free to pursue from plans "alternate theories of recovery to secure the reasonable value of their services based on common law theories of breach of contract and quantum meruit." 131 Cal.App.4th at 217-218.  So too here.  It is well-established that both types of relief may be sought in the same lawsuit.  *See id.; see also McCalden*, 955 F.2d at 1219. American Apparel's argument that Cedars-Sinai is somehow precluded from pursuing both sets of claims in the alternative at the pleading stage is meritless.

**D.    The Complaint Adequately Pleads Negligent Misrepresentation**

Cedars-Sinai sufficiently alleged a cause of action for negligent misrepresentation.  "The elements of negligent misrepresentation include: (1) misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the

18

1149216.3

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  misrepresentation, (4) ignorance of the truth and justifiable reliance on the

2  misrepresentation by the party to whom it was directed, and (5) resulting damage.

3  *See Glenn Jackson Inc. v. Roe*, 273 F.3d 1192, 1199 n. 12 (9th Cir. 2001).

4  Cedars-Sinai plead American Apparel misrepresented the following facts:

5  (i) American Apparel had determined that Patient Mother and Patient Baby were

6  members and/or member beneficiaries covered by American Apparel's employee

7  health plan; (ii) Cedars-Sinai was authorized to treat Patient Mother and Patient

8  Baby for covered services; (iii) American Apparel would pay Cedars-Sinai for

9  providing the services; (iv) American Apparel would not dispute the patients'

10 coverage nor its financial responsibility to Cedars-Sinai; and (v) American Apparel

11 would reimburse the rates set forth in the Contract for the authorized services

12 provided to Patient Mother and Patient Baby.  (Compl. ¶ 61.)  American Apparel,

13 however, argues that Cedars-Sinai cannot prevail on its negligent misrepresentation

14 claim because (1) American Apparel had reasonable grounds to believe its

15 representations were true, and (2) the misrepresentations concern future events.

16 First, whether American Apparel's mistake was <u>excusable</u> or whether it was

17 <u>reasonable</u> for it to represent its employee was covered by the plan are subjective

18 questions of fact that cannot be resolved as a matter of law based on the pleadings.

19 *See Marshall v. Nevins*, 242 F. 476, 478 (9th Cir. 1917) (observing that "whether

20 such reasonable cause for belief existed was a question of fact").  Cedars-Sinai's

21 allegations about American Apparel's knowledge of ongoing immigration issues

22 (*see, e.g.*, Compl. ¶ 6) certainly create the inference that American Apparel knew or

23 should have known that the Patient Mother was not allegedly eligible for American

24 Apparel's plan, but that they represented she and her son were covered nonetheless.

25 American Apparel's defense that they could not have used the E-Verify system to

26 investigate their employee (MTD at 7 fn. 1, 23 fn. 6) is specious, especially

27 considering that Cedars-Sinai plead (on information and belief) that American

28 Apparel found out Patient Mother was an illegal immigrant through use of that very

CEDAR-SINAI MEDICAL CENTER'S OPPOSITION TO AMERICAN APPAREL'S MOTION TO DISMISS

1149216.3

system (*see* Compl. ¶ 25.)  Thus, the Court cannot decide as a matter of law that American Apparel was excusable, reasonable, or otherwise not negligent in making the misrepresentations alleged.

Secondly, the misrepresentations alleged in the Complaint concern both present and future facts.  Cedars-Sinai alleges misrepresentations of current facts, including that "American Apparel had determined that Patient Mother and Patient Baby were members and/or member beneficiaries covered by American Apparel's employee health plan" and that "Cedars-Sinai was authorized to treat Patient Mother and Patient Baby for covered services."  (*Id*. at ¶ 61 (a-b).)  Unlike the cases relied upon by American Apparel, Cedars-Sinai does not rest its negligent misrepresentation claims on an argument that American Apparel's "authorization equals a promise to pay."  (MTD at 17.)  The Complaint alleges that American Apparel misrepresented the patients' eligibility for health insurance and would be covered by American Apparel's self-funded plan.  (*See, e.g.*, Compl. ¶¶ 21, 61 (a-b).)

Moreover, the misrepresentations of future events plead in the Complaint are actionable as a matter of law.  Courts recognize the representing a prediction of future action can be actionable where, as here, "the speaker has knowledge of facts not warranting the opinion."  *Vieste, LLC v. Hill Redwood Dev.*, C 09-04024 JSW, 2010 WL 4392939 at *4 (N.D. Cal. Oct. 29, 2010).  Cedars-Sinai alleged American Apparel's constructive notice of facts making its representations untrue.  (*See, e.g.*, Compl. ¶ 6.)[2]  The Complaint also contains the other elements of negligent

---

[2] American Apparel argues that because Immigrations and Customs Enforcement did not discover Patient Mother's immigration status, American Apparel's mistake was reasonable.  (MTD at 21.)  As the Motion to Dismiss admits, however, "[t]he determination as to whether one or more reasonable grounds exists is ordinarily a question of fact."  (*Id.*)  This is far from a situation where, as the Motion to Dismiss asserts, "there is no dispute in the evidence."  (*Id.*)  To the contrary, and unlike the cases relied upon in the Motion to Dismiss, discovery has not even begun in this case.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

misrepresentation (*id.* at ¶¶ 61-65), and therefore meets its pleading burden. *See Vieste*, 2010 WL 4392939 at *5 (denying motion to dismiss negligent misrepresentation claim based on alleged representation that the municipality would entered into certain agreements). The negligent misrepresentation claims cannot be dismissed on the pleadings.

### E. The Complaint Adequately Pleads Violations Of California's Unfair Competition Law

The UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. "An act can be alleged to violate any or all of the three prongs of the UCL—unlawful, unfair, or fraudulent." *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal.App.4th 1544, 1554 (2007). American Apparel cannot escape liability under the UCL for its unlawful and unfair business practices because the plan was governed by ERISA or seeks monetary damages. (*See* MTD at 25-25.)

1.  American Apparel Violated Various Laws And Acted Unfairly

Where, as here, a plaintiff has adequately plead that the defendant participated in any unlawful or unfair conduct, the plaintiff has satisfied its obligation to plead that defendant's conduct was unlawful under the UCL to state a claim. For example, in *Safjr v. BBG Commc'ns, Inc*., 10-CV-2341 H NLS, 2011 WL 902296 (S.D. Cal. Mar. 15, 2011), the court denied defendant's motion to dismiss the UCL claim where the plaintiffs had plead that defendant had engaged in a breach of contract, violated the state's Consumer Legal Remedies Act, and disobeyed the penal code. In the Complaint in this case, Cedars-Sinai has plead that the defendant has also engaged in a breach of contract and violated applicable laws, including the California Insurance Code (Compl. ¶ 68) and various federal laws (*id.* ¶¶ 32-33).

American Apparel incorrectly argues that Cedars-Sinai's claims predicated on American Apparel's illegal, unfair conduct are preempted. American Apparel posits that because it is not governed by the Knox-Keene Act, it cannot be liable for the

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

1   legal violations alleged in the Complaint.  (MTD at 23.)  The Knox-Keene Act,

2   however, says nothing about whether American Apparel violated California

3   Insurance Code Section 796.04 or Labor Code Section 4610.3, which prohibit

4   rescinding or modifying authorizations for treatment after a health care provider has

5   rendered the authorized services in good faith.  Moreover, Cedars-Sinai also alleged

6   that American Apparel violated California Civil Code Section 3339, Labor Code

7   Section 1171.5 and Government Code Section 7285, which all prohibit denying

8   employment benefits and other vested rights to employees on the basis of their

9   immigration status. (Compl. ¶ 31.)  The Complaint also alleges that American

10   Apparel failed to comply with ERISA, Consolidated Omnibus Budget

11   Reconciliation Act ("COBRA"), and the Health Insurance Portability and

12   Accountability Act ("HIPAA") when terminating and rescinding the employee's

13   health insurance coverage.  (Compl. ¶ ¶ 32-33.)

14         Moreover, as in *Safjr*, Cedars-Sinai has also alleged that the defendant

15   engaged in unfair business practices.  An unfair business practice under the UCL

16   includes a practice "that undermines a legislatively declared policy or threatens

17   competition, or a practice that has an impact on its alleged victim that outweighs the

18   reasons, justifications, and motives of the alleged wrongdoer."  2011 WL 902296 at

19   *4 (citing *Lozano v. AT & T Wireless Servs., Inc*., 504 F.3d 718, 736 (9th Cir. 2007)

20   (applying balancing test as to whether the utility of its conduct is outweighed by the

21   gravity of the harm that Plaintiffs allegedly suffered)).  Here, the Complaint alleges

22   such unfair practices, including (1) accepting the benefits of the Contract and then

23   disclaiming the burdens, and (2) purporting to retroactively rescind the health

24   insurance coverage that was in place for its employee without valid grounds (*see,*

25   *e.g.*, Compl. ¶¶ 31, 52, 57-58, 67-68), which is sufficient to state a UCL claim.

26   Furthermore, the Complaint alleges American Apparel committed breaches of

27   contract, which can also support liability under the UCL.  *See, e.g.*,

28   *Puentes v. Wells Fargo Home Mortgage, Inc.*, 160 Cal.App.4th 638, 645 (2008)

1149216.3

1  (recognizing that breach of contract in turn may form the predicate for a UCL claim,

2  "provided it also constitutes conduct that is 'unlawful, or unfair, or fraudulent'").

3      The allegations in the Complaint are more than sufficient to support a UCL

4  claim.  *See Safjr*, 2011 WL 902296 at *4 (observing that whether a practice is

5  deceptive, fraudulent, or unfair is generally a question of fact that cannot be made

6  on demurrer or motion to dismiss).

7              2.    Cedars-Sinai Has The Right To Seek Monetary Restitution

8      American Apparel also incorrectly seeks to avoid UCL liability on the

9  grounds that the restitution Cedars-Sinai seeks is payment of the hospital's unpaid

10  costs and outstanding bills.  However, there should be no dispute that restitution

11  may be monetary.  Courts "may exercise the full range of its inherent powers in

12  order to accomplish complete justice between the parties, restoring if necessary the

13  status quo ante as nearly as may be achieved."  *People v. Superior Court*, 9 Cal. 3d

14  283, 286 (1973) (finding error to restrict damages for violations of Business and

15  Professions code to injunctions, and not financial restitution to the customers that

16  were defrauded).

17      American Apparel misleadingly cites *Kwikset Corp. v. Superior Court*, 51

18  Cal. 4th 310, 226 (2011), for its argument that restitution requires a gain to

19  defendant.  (MTD at 25.)  Cedars-Sinai is not precluded from obtaining

20  reimbursements for its services just because American Apparel did not profit from

21  Cedars-Sinai's conduct.  The very next line of the *Kwikset* opinion following

22  American Apparel's citation notes that "the economic injury that an unfair business

23  practice occasions may often involve a loss by the plaintiff without any

24  corresponding gain by the defendant, such as, for example, a diminishment in the

25  value of some asset a plaintiff possesses."  *Kwikset*, 51 Cal. 4th at 226.  Thus, there

26  is no merit to American Apparel's argument that the UCL claim should be

27  dismissed because of the relief sought.

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111  •  FAX: (310) 551-8181

1149216.3

## IV.    IF ANY OF THE AMERICAN APPAREL'S ARGUMENTS ARE FOUND TO HAVE MERIT, LEAVE TO AMEND IS APPROPRIATE

If the Court is inclined to grant any portion of American Apparel's Motion to Dismiss, then Cedars-Sinai respectfully requests leave to amend the Complaint to remedy any deficiencies.  The Ninth Circuit has "repeatedly held that 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'"  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citation omitted).

## V.    CONCLUSION

There are no grounds to dismiss the Complaint.  American Apparel has not demonstrated preemption or the absence of any set of facts upon which Cedars-Sinai could obtain relief.  ERISA does not preempt the dispute because Cedars-Sinai is not asserting any rights of plan beneficiaries or pursuant to plan documents, but instead pursuing independent causes of actions that arise from the parties' course of dealing.

Moreover, the Complaint pleads valid legal claims for breach of written contract, breach of oral contract, breach of implied-in-fact and implied-in-law contracts, services rendered, negligent misrepresentation, and unfair business practices.  American Apparel's attacks on the claims do not support dismissal.  Contrary to the conclusory arguments in the Motion to Dismiss, the Complaint does in fact allege the existence of valid written and oral agreements to pay Cedars-Sinai, as well as implied contracts arising from the parties' conduct and circumstances, and equitable grounds for relief as a result of the services rendered.  The Complaint also offers factual allegations that American Apparel lacked reasonable grounds to make the representations to Cedars-Sinai about the coverage and reimbursement, which are sufficient to withstand a motion to dismiss the negligent misrepresentation

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

CEDAR-SINAI MEDICAL CENTER'S OPPOSITION TO AMERICAN APPAREL'S MOTION TO DISMISS

1149216.3

1 | claims.  Finally, the Complaint offers several theories of American Apparel's illegal
2 | and unfair business practice for the purposes of relief under the UCL.  American
3 | Apparel's arguments not only lack support, they raise questions of fact that simply
4 | cannot be resolved on the pleadings or at this stage of the litigation.

5 |       For all of the forgoing reasons, Cedars-Sinai respectfully requests that this
6 | Court deny the American Apparel's Motion to Dismiss.

7 |

8 | DATED:  November 14, 2013          Respectfully submitted,

9 |                                    HOOPER, LUNDY & BOOKMAN, P.C.

10 |

11 |

12 |                                    By:        /s/ Lillie A. Werner

13 |                                          LILLIE A. WERNER
                                       Attorneys for Plaintiff  Cedars-Sinai Medical
14 |                                    Center

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1149216.3

CEDAR-SINAI MEDICAL CENTER'S OPPOSITION TO AMERICAN APPAREL'S MOTION TO DISMISS