JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CEDARS-SINAI MEDICAL CENTER,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN APPAREL, INC., et al.,<br><br>Defendants. | Case No. CV 13-6564 FMO (Ex)<br><br>**ORDER REMANDING ACTION TO STATE COURT** |

Pursuant to the court's duty to sua sponte establish subject matter jurisdiction over this action, see United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 967 (9th Cir. 2004), the court concludes as follows.

**INTRODUCTION**

On August 6, 2013, plaintiff Cedars-Sinai Medical Center ("Cedars-Sinai" or "plaintiff") filed a complaint in Los Angeles County Superior Court ("state court") against American Apparel, Inc. ("defendant" or "American Apparel") and Does 1 through 10. (See Notice of Removal ("NOR") at Exhibit ("Exh.") 1 ("Complaint")). Cedars-Sinai alleges that American Apparel, which offers a self-funded employee health insurance plan, refused to pay medical bills incurred by an employee's premature baby, even though American Apparel's agent purportedly authorized the medical services. (See id. at ¶ 1). Plaintiff contends that American Apparel sought to retroactively rescind the insurance agent's authorization after learning of the employee's immigration status, leading

to an unpaid balance of about $837,000. (See id. at ¶¶ 1, 24, 27 & 29). In its Complaint, plaintiff asserts the following causes of action: (1) breach of written contract; (2) breach of oral contract; (3) breach of implied-in-fact contract; (4) breach of implied-in-law contract; (5) services rendered; (6) negligent misrepresentation; and (7) unfair business practices, Cal. Bus. & Prof. Code, § 17200. (See id. at ¶¶ 34-69).

On September 6, 2013, American Apparel filed a Notice of Removal, alleging that plaintiff's causes of action are "all subject to and/or preempted by the Employee Retirement Income Security Act ('ERISA') as contained in 29 U.S.C. § 1132(a)[,]" (NOR at ¶ 5), thereby invoking federal question jurisdiction. (See id.). On September 30, 2013, the court ordered defendant to show cause why this action should not be remanded, because "although removal is on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331, it appears that the claims may not 'arise under' federal law." (Court's Order of September 30, 2013 ("OSC") at 1).

On October 11, 2013, plaintiff filed its Response Re: to Remand Action to State Court ("Pl.'s OSC Resp."), seeking remand to state court. (See Pl.'s OSC Resp. at 1-2). Plaintiff contends that it is asserting independent state law claims, and that it is not enforcing an American Apparel member's rights under the employee health plan. (See id.). On October 11, 2013, defendant filed its Response to the Court's Order to Show Cause Re: Remand ("Def.'s OSC Resp."), along with a declaration of counsel Bruce A. Berman ("Berman Decl.") and the declaration of Jacqueline Madrigal, the Director of Benefits for American Apparel ("Madrigal Decl.").[1] On October 18, 2013, defendant filed a Reply in Support of OSC Re: Remand ("Def.'s OSC Reply").

## BACKGROUND

Cedars-Sinai, a medical facility, offers reduced rates through contracts with insurance companies such as Anthem Blue Cross of California ("Anthem"). (See Complaint at ¶¶ 4 & 10-11; Berman Decl. at Exh. A). American Apparel, a clothing company, offers a self-funded health insurance plan to certain employees ("American Apparel Plan" or "Plan"). (See Complaint at ¶¶

---

[1] Defendant also filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), which has been fully briefed.

1 & 16; Berman Decl. at Exh. B). Anthem allegedly served as American Apparel's agent. (See Complaint at ¶¶ 1, 7 & 10-11; Berman Decl. at Exhs. B & C).

In December 2010, an American Apparel employee ("Patient Mother"), who was a member of the Plan, was admitted to Cedars-Sinai for the delivery of her premature baby ("Patient Baby"). (See Complaint at ¶¶ 1 & 19-20; Berman Decl. at Exhs. C & D). Patient Mother, who had paid premiums for her and her dependents' health insurance under the American-Apparel Plan, presented her insurance card to Cedars-Sinai. (See Complaint at ¶¶ 18 & 19; Berman Decl. at Exh. C) (hospital certification identifying Anthem Blue Cross). Due to serious health issues, the Patient Baby was in intensive care for over 90 days. (See Complaint at ¶ 20). American Apparel's agents, on behalf of defendant, authorized medical treatment for Patient Baby and provided numerous additional approvals during Patient Baby's treatment at Cedars-Sinai from December 22, 2010 through March 24, 2011. (See id. at ¶¶ 1, 7, 20 & 27). After Cedars-Sinai stabilized Patient Baby's condition, Patient Baby was released from the hospital. (See id. at ¶ 20).

During Patient Baby's hospital stay, American Apparel purportedly investigated Patient Mother's eligibility for employment, due to an immigration issue. (See Complaint at ¶¶ 1, 8 & 25). Plaintiff contends that American Apparel requested additional information from Patient Mother to verify her eligibility, and it subsequently determined that she lacked valid paperwork to obtain legal employment in the United States. (See id. at ¶ 25). Still, plaintiff alleges that during the hospital stay, neither American Apparel nor its agents relayed any doubts to Cedars-Sinai regarding the validity of Patient Mother's health insurance coverage. (See id. at ¶¶ 21, 26 & 28). Plaintiff also alleges, on information and belief, that American Apparel terminated Patient Mother's employment in mid-March 2011, but that her health benefits remained active throughout the baby's entire hospitalization. (See id. at ¶ 27). Moreover, plaintiff alleges that American Apparel "ratified" its prior authorization and promise to pay by "allowing its agent to authorize treatment at Cedars-Sinai throughout the month of March." (Id.).

Plaintiff's medical services to Patient Baby ultimately resulted in total charges of about $2.6 million, which were discounted under the Cedars-Sinai's contract with Anthem to about $1.3 million. (See Complaint at ¶ 23). American Apparel paid the full bill for services it provided to

3

Patient Mother, but only paid a portion of Cedars-Sinai's bill for Patient Baby, resulting in an unpaid balance of about $837,000, excluding interest. (See id. at ¶ 24). Subsequently, American Apparel's agent purportedly demanded a refund from Cedars-Sinai for amounts paid. (See id. at ¶ 29).

The parties dispute the legal theory underlying plaintiff's claims for unpaid medical bills. American Apparel contends that plaintiff is effectively seeking to recover employee benefits under the American Apparel Plan. (See Def.'s OSC Resp. at 12-15). Accordingly, defendant argues that plaintiff's state law claims are preempted by ERISA. (See id.). Cedars-Sinai denies that it is seeking recovery under an ERISA plan. (See Pl.'s OSC Resp. at 4). Rather, plaintiff contends that it is seeking independent relief on the basis of its separate agreement with defendant. (See id.; Complaint at ¶ 33(a)).

## **LEGAL STANDARD**

Removal of a civil action from the state court where it was filed is proper if the action might have originally been brought in federal court. See 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]"). "The burden of establishing federal jurisdiction is upon the party seeking removal[.]" Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988); see Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). As such, any doubts are resolved in favor of remand. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("We strictly construe the removal statute against removal jurisdiction."). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). In general, under the "well-pleaded complaint" rule, courts look to the complaint to determine whether an action falls within the bounds of federal question jurisdiction. See Marin Gen. Hosp. v. Modesto & Empire Traction Co., 581 F.3d 941, 944 (9th Cir. 2009).

1    If a complaint contains only state law causes of action, there is generally no federal question jurisdiction even where there is a federal defense to the state law cause of action. See Aetna Health Inc. v. Davila, 542 U.S. 200, 207, 124 S.Ct. 2488, 2494 (2004). However, there is an exception to the well-pleaded complaint rule for state law causes of action that are "completely preempted" by ERISA. See Davila, 542 U.S. at 207-08, 124 S.Ct. at 2494-95; see also Marin Gen. Hosp., 581 F.3d at 944. "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64, 107 S.Ct. 1542, 1546 (1987). The Supreme Court has found that the civil enforcement provisions of ERISA § 502(a), 29 U.S.C. § 1132(a), displaced certain state law claims. See Davila, 542 U.S. at 211-12, 124 S.Ct. at 2497. The Supreme Court has created a two-part test to determine whether state law claims are completely preempted by ERISA. See id. at 210, 124 S.Ct. at 2496. "[A] state-law cause of action is completely preempted if (1) 'an individual, at some point in time, could have brought [the] claim under ERISA § 502(a)(1)(B),' and (2) 'where there is no other independent legal duty that is implicated by a defendant's actions.'" Marin Gen. Hosp., 581 F.3d at 946 (quoting Davila, 542 U.S. at 210, 124 S.Ct. at 2496) ("Davila test"). The defendant must show both prongs to invoke federal jurisdiction. See id. at 947.

## DISCUSSION

In order to determine whether ERISA preempts plaintiff's state law claims under the Davila test, the court must first determine whether plaintiff "could have brought [the] claim" as an ERISA enforcement action. See Davila, 542 U.S. at 210, 124 S.Ct. at 2496. The Ninth Circuit recently addressed this issue in Marin General Hospital, which also concerns unpaid medical bills case. See 581 F.3d at 943. In Marin General Hospital, plaintiff asserted various state law claims, including breach of an implied contract and breach of an oral contract, that arose from a "telephone conversation in which [defendant] allegedly agreed to pay 90% of the patient's hospital charges." Id. at 947. While defendant had made a partial payment to the plaintiff "as an assignee of the patient's rights under his ERISA plan," the Ninth Circuit found that plaintiff's causes of action did not arise from the ERISA plan. See id. "The Hospital does not contend that it is owed this

additional amount because it is owed under the patient's ERISA plan. Quite the opposite. The Hospital is claiming this amount precisely because it was not owed under the patient's ERISA plan. The Hospital is contending that this additional amount is owed based on its alleged oral contract with [defendant]." Id. Thus, in some circumstances, a plaintiff medical provider can assert independent state law claims even though it was assigned enforcement rights under ERISA. See id. at 948. ("The mere fact that Providers could have brought suit . . . under § 502(a)(1)(B) did not automatically mean that Providers could not bring some other suit against Blue Cross based on some other legal obligation.") (discussing Blue Cross of Cal. v. Anesthesia Care Assocs. Med. Group, Inc., 187 F.3d 1045 (9th Cir. 1999)).

Likewise, the Ninth Circuit, in The Meadows v. Employers Health Insurance, held that ERISA does not preempt state law claims brought by a third-party "not as an assignee of a purported ERISA beneficiary, but as an independent entity claiming damages." 47 F.3d 1006, 1008 (9th Cir. 1995) (emphasis in original). While plaintiff had been assigned ERISA enforcement rights, plaintiff asserted "claims that were non-derivative and independent" of the ERISA-based claims. Id. The Ninth Circuit found that such claims do not "relate" to ERISA preemption. See id. at 1008-09. Accordingly, plaintiff's misrepresentation and estoppel claims "function[ed] irrespective of the existence of the ERISA plan" and were not preempted. Id. at 1010. (internal quotation marks omitted).

In the instant case, Cedars-Sinai contends that it "is not asserting any rights under the plan as a beneficiary, but instead is seeking independent relief on the basis of its separate agreement with American Apparel, which falls outside ERISA." (Complaint at ¶ 33(a)); (see also Pl.'s OSC Resp. at 6) ("Cedars-Sinai is not seeking relief under any assignment of patient benefits."). Plaintiff's causes of action include breach of oral contract, breach of implied-in-fact contract, negligent misrepresentation, and unfair business practices. (See Complaint at ¶¶ 34-69). As in Marin General Hospital, plaintiff asserts causes of action for breach of oral contract and breach of an implied contract. (See Complaint at ¶¶ 39-53); (see, e.g., id. at ¶ 40) ("American Apparel, by and through American Apparel's Agent's, entered into an oral contract to pay Cedars-Sinai for services Cedars-Sinai provided to Patient Mother and Patient Baby."). Like in The Meadows,

plaintiff asserts a cause of action for negligent misrepresentation. (See id. at ¶ 61) ("American Apparel's Agents made oral and written representations to Cedars-Sinai including . . . American Apparel would pay Cedars-Siai for providing the services."). Thus, plaintiff's complaint includes independent claims for damages that are not derived from potential ERISA enforcement claims.

Defendant contends that despite the state law claims, the Complaint still "sound[s] in the language of an assignee of an ERISA beneficiary," and it argues that plaintiff obtained an assignment of benefits. (See Def.'s OSC Resp. at 12; Berman Decl., Exh. A at § 4.7). Defendant cites California Pacific Medical Center v. Concentra Preferred Systems, Inc., 2004 WL 2331876 (N.D. Cal. 2004), for the proposition that plaintiff's claims, where brought under a similar network contract, are properly viewed as ERISA assignee claims where an assignment is obtained. (See Def.'s OSC Resp. at 13). However, California Pacific does not deal with removal. See 2004 WL 2331876, at *1 ("This matter comes before the Court on Defendants . . . motion to dismiss[.]"). Further, the Ninth Circuit has rejected a similar theory, explaining that in Blue Cross, "even though the Providers had received an assignment of the patient's medical rights and hence could have brought a suit under ERISA, there was 'no basis to conclude that the mere fact of assignment converts the Providers' claims in this case into claims to recover benefits under the terms of an ERISA plan.'" Marin Gen. Hosp., 581 F.3d at 949 (quoting Blue Cross, 187 F.3d at 1052) (modification omitted). Finally, Cedars-Sinai has consistently stated that it is not seeking relief as an assignee of ERISA benefits.[2] (See Complaint at ¶ 33(a); Pl.'s OSC Response at 6 & 8). A plaintiff "is free to disavow any rights [it] might have under federal law." Berman v. OpenTV Corp., 2010 WL 3987448, * 3 (N.D. Cal. 2010); see Tech. Licensing Corp. v. Intersil Corp., 2009 WL 5108395, *2 (N.D. Cal. 2009) ("plaintiffs' insistence here that they have not relied, and will not rely,

---

[2] Defendant further relies on Misic v. Building Serv. Employees Health & Welfare Trust, 789 F.2d 1374 (9th Cir. 1986), for the proposition that plaintiff's only basis for reimbursement arises from the assignment of benefits. (See Def.'s OSC Response at 15). The court is not persuaded. In Misic, the Ninth Circuit merely affirmed that ERISA preempts the state claims of a provider suing as an assignee of a beneficiary's rights to benefits under an ERISA plan. See Misic at 1377-78. The Misic court did not decide whether ERISA preempts claims by third parties who bring suit as independent entities claiming damages. See, generally, 789 F.2d 1374; see also The Meadows, 47 F.3d at 1008.

on any aspect of federal . . . law to support their state law claims is sufficient to defeat federal jurisdiction"). Thus, because plaintiff is asserting independent claims as a third party, the claims are not completely preempted. See Ocadian Care Ctrs., Inc. v. Electrical Workers Health and Welfare Plan for Contra Costa County, 2001 WL 1081590, *3-4 (N.D. Cal. 2001) (finding that ERISA did not preempt the plaintiff's independent state law claims for negligent misrepresentation, estoppel and breach of contract against defendants where plaintiff did not sue as assignee, but instead brought its state law action in its independent status as a hospital); Hoag Memorial Hosp. v. Managed Care Administrators, 820 F.Supp. 1232, 1236 (C.D. Cal. 1993) (noting, where plaintiff amended its complaint to assert only third-party claims for damages, that plaintiff's claims did not "relate to" the ERISA plan).

Defendant further argues that Cedars-Sinai's only available legal theory is to assert its rights as a beneficiary-assignee under ERISA. (See Def.'s OSC Resp. at 13). Thus, defendant urges the court to "disregard" plaintiff's characterization of its claims. (See id.). However, it is defendant who mischaracterizes plaintiff's claims in an effort to have this court exercise jurisdiction. Under the circumstances, even assuming Cedars-Sinai had the ability to assert rights as a beneficiary-assignee under ERISA, that would not prevent plaintiff from pursing additional payment under state law. See Marin Gen. Hosp., 581 F.3d at 949 ("defendants argue that because the Hospital was assigned the patient's rights to payment under the ERISA plan, it was prevented from seeking additional payment under state law . . . . This argument is inconsistent with our analysis in Blue Cross.").

Based on controlling Ninth Circuit authority regarding ERISA preemption, the court is persuaded that plaintiff has alleged independent state law claims that are not derivative of ERISA enforcement rights. Accordingly, the court finds that defendant has not met the first prong of the Davila test. This, coupled with the fact that any doubts are resolved against removal jurisdiction, see Gaus, 980 F.2d at 566, convinces the court that this matter must be remanded to state court.

**This Order is not intended for publication.  Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

## CONCLUSION

Based on the foregoing, IT IS ORDERED THAT:

1. The above-captioned action shall be **remanded** to Los Angeles Superior Court, Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, California 90012.

2. The Clerk shall send a certified copy of this Order to the state court.

Dated this 11th day of July, 2014.

                                                    /s/
                                     Fernando M. Olguin
                                  United States District Judge